**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY HENDRIXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-621-SNLJ |
| | ) | |
| JULIE HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Mary Hendrixson for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action for want of jurisdiction.

**Legal Standard**

The Federal Rules of Civil Procedure require this Court to dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Additionally, this Court is required review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Background**

Plaintiff initiated the instant action on May 6, 2020 by filing a complaint pursuant to 42 U.S.C. § 1983 against Julie Harris, Valerie Fields, Karin Oelzen, and Bradley Harmon. All of the

defendants are employees of the Missouri Department of Social Services. After plaintiff filed the original complaint, mail that this Court sent to her was returned without a forwarding address. However, on June 3, 2020, plaintiff filed an amended complaint that referenced a different mailing address. The Court updated its records, and resent the earlier correspondence to plaintiff at that new address. The amended complaint replaces the original complaint, and will be the only pleading this Court will review. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

On January 10, 2020, plaintiff filed a complaint in this Court seeking monetary relief against Oelzen, Harmon, and other employees of the Missouri Department of Social Services. *Hendrixson v. Tidball, et al.,* No. 4:20-cv-49-RLW (E.D. Mo. 2020). On January 24, 2020, the Court dismissed the action after determining that, *inter alia*, plaintiff's allegations were entirely conclusory and failed to state a claim upon which relief may be granted.

### The Amended Complaint

Plaintiff filed the amended complaint against the same defendants she named in the original complaint. She states she sues the defendants in their official and individual capacities. She invokes this Court's federal question jurisdiction, and avers that she brings this action pursuant to 42 U.S.C. § 1983. The amended complaint spans 53 pages, and contains a great deal of unnecessary information, legalese, and conclusory statements. However, it is clear that all of plaintiff's claims arise from a state determination regarding the custody of her child, identified as "SPH."

Plaintiff characterizes this action as "a Suit violating the Parent Child Relationship initiated by the Department of Family & Protective Services (CD) on October 9, 2018 seeking to

obtain possession, care, custody and control of a minor SPH, severely limiting and cutting off parental rights and access to her child." She alleges that the "division of Family Services of St. Louis Children's Division are liable under 42 U.S.C. § 1983 for the unconstitutional detention" of SPH, and that such detention was "based on a pervasive pattern of lies, perjury, falsifying court documents and an extensive suppression of abuse under state care who is being wrongfully detained in a state custody by Defendants."

Throughout the amended complaint, plaintiff refers to the defendants collectively and levels conclusory allegations against them. For example, she alleges the defendants "lied, falsified evidence and suppressed exculpatory evidence on Plaintiff," and "the managers" were "deliberately indifferent to the need to train or supervise its employees adequately." She references dependency proceedings held in court, and alleges the defendants collectively engaged in "malicious activities" such as fabricating evidence, committing perjury, and falsifying medical records throughout such proceedings. She also alleges the defendants misled and conspired to deceive the dependency court. She alleges that the St. Louis Division of Family Services "and the above identified individuals, and any unknown persons and entities, did conspire and aid and abet each other in the effectuation of their common scheme and plan which resulted in the denial of Plaintiff's rights and privileges under both State and Federal law." The amended complaint continues in this manner.

As relief, plaintiff asks this Court to enter an order stating that the defendants violated her constitutional rights and that SPH is entitled to immediate release into her custody, and directing defendants to deliver SPH to her custody. She also seeks an order directing the defendants to release various records, and pay attorney's fees and costs.

**Discussion**

3

Plaintiff characterizes this case as a § 1983 action against individuals involved in state court proceedings. However, her claims amount to nothing more than an indirect attempt to challenge the outcome of a state child custody determination. The *Rooker-Feldman*[1] doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over cases brought by people who did not prevail in state court "complaining of injuries caused by state court judgments rendered before the district court proceedings are commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (a federal district court lacks jurisdiction to consider a claim that "in effect constitutes a challenge to a state court decision").

The *Rooker-Feldman* doctrine forecloses both straightforward appeals of state court judgments, and indirect attempts by federal plaintiffs to undermine state court determinations. Impermissible appellate review occurs when a lower federal court entertains claims that are "inextricably intertwined" with a state determination. *Feldman*, 460 U.S. at 482 n. 16; *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990). The federal claims are inextricably intertwined with the state determination "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Keene Corp.,* 908 F.2d at 296 (internal citations omitted). The state and federal claims need not be identical for the doctrine to bar the federal claims. *In re Goetzman,* 91 F.3d 1173, 1177-78 (8th Cir. 1996).

The *Rooker-Feldman* doctrine is clearly applicable here. Plaintiff filed this action to challenge the state's determination to remove SPH from her custody. She seeks an order from this Court declaring that the state's determination was wrong, and ordering that SPH be returned

---

[1]*See generally District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 (1923).

4

to her custody. Plaintiff's claims succeed only to the extent the state determination was wrong, and granting her the relief she seeks would effectively reverse the state court's decision. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Keene Corp.*, 908 F.2d at 296-97 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). While plaintiff uses § 1983 as a platform for her claims, "a litigant cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a § 1983 action." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997) (citing *Keene Corp.,* 908 F.2d at 297). Lower federal courts lack jurisdiction "over challenges to state court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Under the foregoing principles, the Court concludes that the *Rooker-Feldman* doctrine divests it of jurisdiction over plaintiff's claims, and will dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3).

To the extent plaintiff can be understood to challenge or seek to restrain any ongoing state proceeding regarding custody of SPH, or grant relief against the defendants that would interfere with their ability to carry out state child custody determinations, the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971) precludes the exercise of this Court's jurisdiction. Under *Younger*, federal courts should abstain from exercising their jurisdiction if there is an ongoing state proceeding that implicates important state interests and provides an adequate opportunity to raise any relevant federal questions. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012), *Cormack v. Settle-Beshears,* 474 F.3d 528, 532 (8th Cir. 2007). Clearly, ongoing state proceedings regarding child custody implicate important state interests, and plaintiff can raise any federal constitutional claims in such proceedings. Additionally, this

Court detects no bad faith, harassment, or extraordinary circumstance that would make abstention inappropriate. *See Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010).

Even if jurisdiction were present, this action would be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's official capacity claims against the defendants, all of whom are employees of a Missouri state agency, would be barred by the Eleventh Amendment. Additionally, the amended complaint contains only generally-asserted claims that amount to nothing more than the "unadorned, "the-defendant-unlawfully-harmed-me" accusations that offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678 (internal citations omitted). Accordingly, plaintiff's allegations would fail to state a plausible claim for relief against any of the named defendants.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _18th_ day of August, 2020.

6

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE